## Lewis's Estate.

*Wills—Construction—Life estate—Children.*

Where a testator bequeaths a sum of money to a trustee to pay the net income to one for life, and upon his death to divide the principal into two parts and to pay the income of one of such parts to a son of the first taker during his life, and upon the death of the son to divide the principal among his children share and share alike, the children of deceased children to represent their parents in the final distribution, without remainder over in default of children or issue, and the son is unmarried and without children at the date of the will and dies after the testator, never having had a child or children, the son takes a life interest only in the principal of the legacy.

Argued Nov. 21, 1916. Appeal, No. 191, Oct. T., 1916, by Laura W. Cadwallader, Administratrix of Estate of Llewellyn Cadwallader, deceased, from decree of O. C.

130        LEWIS'S ESTATE.

Del. Co., No. 10276, dismissing exceptions to auditor's report in Estate of Mary Lewis, deceased. Before OR-LADY, P. J., PORTER, HENDERSON, HEAD, KEPHART, TREXLER and WILLIAMS, JJ. Affirmed.

Exceptions to report of Isaac E. Johnson, Esq., auditor.

BROOMALL, J., filed the following opinion:

These exceptions involve the construction of the following clause of the will of Mary Lewis:

"I give and bequeath to the Solicitors' Company of Philadelphia, its successors and assigns, the further sum of two thousand five hundred dollars, in trust nevertheless to pay the net income to David S. Cadwallader, for and during the term of his natural life, and upon his decease or in case he should not survive me, then in trust to pay over the net income thereof to his wife Louisa S. Cadwallader, should she then be living for and during the term of her natural life, and upon the death of both of them, in trust to divide the said principal sum into two equal parts of twelve hundred and fifty dollars each and to pay the income of one of the said equal parts ......, And to pay the income of the other equal portion or sum of twelve hundred and fifty dollars to Llewellyn Cadwallader for and during the term of his natural life, and upon his death or in case he should not survive his parents, then to divide the said sum of twelve hundred and fifty dollars among his children share and share alike. The child or children of any deceased child or children of the said......Llewellyn Cadwallader to represent his, her or their parent or parents in the distribution."

David S. Cadwallader and Louisa S. Cadwallader, who were the parents of Llewellyn Cadwallader, both predeceased the testatrix. At the time of the death of the testatrix, Llewellyn Cadwallader was unmarried and without children.

The exceptants contend that the latter part of the

recited clause, which gives to Llewellyn Cadwallader the income of the principal sum for life, and at his death the principal to his children, vests the principal sum absolutely in him; in other words, that the word children is used by the testatrix as a word of limitation. The auditor has decided that "children" is used as a word of purchase, and has awarded this legacy to the trustee, who is directed by the will to pay the income to Llewellyn Cadwallader for life and at his death to his children.

If the word "children" is to be construed as a word of purchase, they take by way of purchase, and the trust is not an executed one, but must be kept alive to support the remainder, and the auditor's conclusion is right; if, on the other hand, the word "children" is to be construed as a word of limitation, then the word operates by analogy to the rule in Shelley's Case, to define the interest of the life beneficiary as an absolute one, and the exceptant is right.

Prima facie the word "children" is a word of purchase, and will be construed as such, unless it appear from the will that the word has been clearly used as a word of limitation. This is the ordinary case of a legacy in trust for one for life and at his death to his children, with but two special features, one is the superadded words of distribution, share and share alike, the children of deceased children taking a parent's share, and the other is the fact that at the death of the testatrix Llewellyn Cadwallader had no children. The first feature in the use of the word children is inconsistent with the thought of heir in a long line of lineal descent, because it provides for a division transversely: Chew's App., 37 Pa. 23. The second feature goes back to Wild's Case, 6 Coke 6 a, the first resolution in which is, "that if A devises his lands to B and to his children or issue, and he hath not any issue at the time of the devise that the same is an estate tail." This is for the reason that being real estate, unless the children were in esse at the death of the testator, the gift of the remainder would be void, but there was an expressed

desire to provide for them, hence it was inferred that he intended to give the first taker an estate tail. But the rule in Wild's case does not apply to personal property: Myer's Appeal, 49 Pa. 113; Coursey v. Davis, 46 Pa. 29; Peale's Est., 31 Weekly Notes of Cases, 551. Moreover, in our case the gift is to a trustee in whom the entire interest vests, so that it makes no difference that there were no children in esse to take at the death of the testatrix.

The auditor has so well supported his conclusion on reason and authority, that it would be superfluous to traverse the same ground. To the many authorities cited by the auditor may be added Meyer's App., supra, which in itself is decisive of the question.

It only remains to notice the authorities cited by the exceptant. In Simpson v. Reed, 205 Pa. 53, the word children is construed as a word of limitation, because in a subsequent clause of the will he uses the word heirs as synonym for children. There is no such feature in this case. A similar use of the word children as synonymous with heirs is to be found in Gilland v. Hallett, 240 Pa. 268; also in Asher v. Stewart, 246 Pa. 251, and in Smith v. Lindsey, 37 Pa. Superior Ct. 171. In Pifer v. Locke, 205 Pa. 616, the word issue is used as a synonym for children, which distinguishes it from our case. To the same effect is Haldeman v. Haldeman, 40 Pa. 29, and Campbell's Est., 202 Pa. 459. It is an estate tail in realty and an absolute estate in personalty, where the first taker takes for life with remainder to issue, and nothing to show that issue meant children in the restricted sense: Potts's App., 30 Pa. 168. Yarnall's App., 70 Pa. 335, was a case of limitation for life and then to those entitled under an intestacy of the life tenant, which sheds no light on our case. Brinton v. Martin, 197 Pa. 615, was an ultimate limitation to the heirs of the first taker which is essentially different from our case. In Blair v. Miller, 30 Weekly Notes of Cases, 486, there was no limitation to the first taker for life, which differentiates it from our case. In Packer's Est. (No. 2), 246 Pa. 116, the

129, (1917).]  Opinion of Court below—Arguments.

gift was to the first takers and their issue, which, of course, does not aid us.

The authorities cited by the exceptant do not support his exceptions. On the other hand the authorities cited by the auditor abundantly support his conclusion, to which, as heretofore stated, may be added Myer's App., supra, and note on children as a word of purchase or limitation, 12 Lawyers' Reports Annotated (N. S.), page 283, and note on the rule in Shelley's Case, 29 Id. page 963.

We therefore dismiss the exceptions and enter the following decree:

And now, December 4, 1915, it is ordered, adjudged and decreed that the exceptions to the auditor's report be dismissed, and that the said report be confirmed, and that distribution be made in accordance therewith.

*Error assigned* was the decree of the court.

*James C. Sellers,* for appellant.—The trust is not an active one: Haldeman v. Haldeman, 40 Pa. 29; Ogden's App., 70 Pa. 501; St. Luke's Church App., 1 Walk. 283; Rodrigue's App., 1 Mona. 59; Bennett's Est., 41 Pa. Superior Ct. 579; Hemphill's Est., 180 Pa. 95; Fitzpatrick's Est., 233 Pa. 33.

There is no remainder to be protected: Potts's App., 30 Pa. 168; Simpson v. Reed, 205 Pa. 53; Pifer v. Locke, 205 Pa. 616; Brinton v. Martin, 197 Pa. 615; Moyer v. Rentschler, 231 Pa. 620; Gilland v. Hallett, 240 Pa. 268; Asper v. Stewart, 246 Pa. 251; Smith v. Lindsey, 37 Pa. Superior Ct. 171.

While technically an estate tail cannot be created in personalty, words which would create an estate tail in realty, when used as to personalty, give an absolute interest: Train v. Fisher, 15 S. & R. 114; Kirby's Est., 235 Pa. 542.

*V. Gilpin Robinson,* for appellee.

PER CURIAM, March 13, 1917:

The construction of the disputed clause in the will of Mary Lewis has been fully considered by the auditor appointed to make distribution of the estate, and in an opinion of the Orphans' Court, dismissing exceptions filed thereto. It is not necessary to add anything further to justify the conclusion reached by Judge BROOMALL.

The decree is affirmed.